Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6934 | **DATE** | September 4, 2012 |
| **CASE TITLE** | Samuel Karim (#R-10346) vs. Internal Affairs Division, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $9.09 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days from the date of this order to submit an amended complaint (plus a judge's copy and service copies) limited to a single, basic claim. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ [For further details see text below.]  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, have violated Plaintiff's constitutional rights by harassing, retaliating, and discriminating against him.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.09. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file fails to satisfy the basic pleading requirements of Fed. R. Civ. P. 8(a). Although Plaintiff has drafted a long and rambling statement of his claims, it is unclear how each named Defendant is alleged to have violated his constitutional rights. Plaintiff repeatedly uses forms of the word "discrimination," for example, but does not indicate how he was discriminated against. In addition, despite his verbosity, Plaintiff fails to state how each named Defendant was personally and directly involved in the events giving rise to this action.

Furthermore, the complaint appears to contain misjoined claims and Defendants. As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Distinct claims against unrelated defendants cannot stand. *Id.* at 606. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Finally, Stateville's "Internal Affairs Division" is not a person within the meaning of Section 1983. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Plaintiff is granted thirty days from the date of this order to submit an amended complaint on the Court's required form. Plaintiff should state the basic facts supporting his claim against each named Defendant. Plaintiff is strongly encouraged to use only the space provided on the Court's form and not to include any extraneous information that will only serve to make his basic claims less clear.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of
**(CONTINUED)**

**STATEMENT (continued)**

the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed.