# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6934 | **DATE** | October 12, 2012 |
| **CASE TITLE** | Samuel Karim (#R-10346) vs. Internal Affairs Division, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed on his amended complaint. The Clerk is directed to: (1) file the amended complaint; (2) terminate "Internal Affairs Division" as a Defendant pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (3) issue summonses for service on Defendants by the U.S. Marshal; and (4) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice. Plaintiff's motion for an extension of time to submit an amended complaint [#6] is denied as moot.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, violated Plaintiff's constitutional rights by retaliating against him for a previous lawsuit. More specifically, Plaintiff contends that he was subjected to unjustified terminations from multiple job assignments, unwarranted searches, groundless discipline, and ultimately, a transfer to another prison after he filed a suit against an officer in 2010.

By Minute Order of September 4, 2012, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint limited to a single, basic claim. Plaintiff has compleid with that order.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against the named Defendants. Correctional officials may not retaliate against a prisoner for engaging in activity protected by the First Amendment, including filing lawsuits. *See, e.g., Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Nitz v. Doe*, No. 08 C 0334, 2010 WL 4823363, *4 (N.D. Ill. Nov. 18, 2010) (Hibbler, J.). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the amended complaint.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

      The Clerk shall issue summonses forthwith for service of the amended complaint. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is advised that there is a two-year statute of limitations for civil rights actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Plaintiff should therefore attempt to identify the John Doe Defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Finally, Plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).
**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although the amended complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit. Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.